# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Jovanni Corte Graham**

Case Number: **2:22CR00273**

Name of Sentencing Judicial Officer: **Honorable Robert G. Klausner**

Date of Original Sentence: **August 14, 2017**

Original Offense: **Conspiracy to Commit Bank Fraud**

Original Sentence: **25 Months prison, followed by 36 Months TSR.**

Date of Prior Revocation: **March 13, 2023**

Revocation Sentence: **Continued on Current Term (Not Revoked)**

Date Supervision Commenced: **February 11, 2022**

Date Jurisdiction Transferred to District of Nevada: **December 7, 2022**

Name of Assigned Judicial Officer: **Honorable Cristina D. Silva**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Refrain From Unlawful Use of Controlled Substance** - The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests,

**RE: Jovanni Corte Graham**

Prob12C
D/NV Form
Rev. March 2017

thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

Graham has tested positive for controlled substances on the following dates:
- June 5, 2023 (marijuana)
- June 6, 2023 (marijuana and methamphetamine)

Graham has failed to report to drug testing on the following dates:
- June 17, 2023

2. **Submit Monthly Report** - The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

Graham failed to submit a monthly supervision report for the following months:

- January 2023
- February 2023
- March 2023
- April 2023
- May 2023

3. **Substance Abuse Treatment** – You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Graham has failed to attend treatment on the following days:

- March 15, 2023
- March 22, 2023
- March 30, 2023
- April 6, 2023
- April 19, 2023
- April 26, 2023
- April 27, 2023
- May 5, 2023
- May 10, 2023
- May 17, 2023
- June 6, 2023
- June 7, 2023

**RE: Jovanni Corte Graham**

Prob12C
D/NV Form
Rev. March 2017

4. **<u>Maintain Employment</u>** - The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

   Graham has failed to provide any employment verification documents for the following months:
   - January 2023
   - February 2023
   - March 2023
   - April 2023
   - May 2023
   - June 2023

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on <u>**June 23, 2023**</u>

Digitally signed by Deleyna Joseph
Date: 2023.06.23 10:15:18 -07'00'

Deleyna Joseph
United States Probation Officer

Approved:

Digitally signed by Joy Gabonia
Date: 2023.06.23 09:36:35 -07'00'

Joy Gabonia
Supervisory United States Probation Officer

**RE: Jovanni Corte Graham**

Prob12C
D/NV Form
Rev. March 2017

*THE COURT ORDERS*

☐    No Action.
☒    The issuance of a warrant.
☐    The issuance of a summons.
☐    Other:

_____
Signature of Judicial Officer

_June 27, 2023_____
Date

**RE: Jovanni Corte Graham**

Prob12C
D/NV Form
Rev. March 2017

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. JOVANNI CORTE GRAHAM,  2:22CR00273

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### June 23, 2023

On March 13, 2023, Graham appeared before Your Honor for a revocation hearing of supervised release for violations of the following conditions: Refrain from the Use of Controlled Substances, Fail to Submit a Monthly Report, Maintaining Employment, and Substance Abuse Treatment.  At the hearing, Graham was continued on supervision with a modification to his special conditions. Specifically, Graham was ordered to attend and complete intensive outpatient substance abuse treatment.

On March 15, 2023, Graham was instructed to report to WestCare to complete his initial assessment for placement into their Intensive Outpatient Treatment (IOP) program. Graham, reported late for his initial appointment, and therefore was rescheduled for March 22, 2023. Since his enrollment, Graham has failed to take the IOP program seriously and has failed to appreciate the Court's generosity.  His treatment enrollment has been marred with noncompliance.  On March 22, 2023, Graham reported over an hour late for treatment and then abruptly left.  He returned approximately 90 minutes later for treatment but was advised that his attendance would not count as he did not stay/participate for the entire treatment group.  On March 30, 2023, Graham again reported late to group and again left without completing/participating in the entire treatment session.  On April 6, 2023, and again on April 19, 2023, Graham failed to show for his required treatment session.

The probation office and WestCare has continued to try to work with Graham to assist him in obtaining and maintaining his sobriety and to assist him with completing the required treatment ordered by the Court.  When Graham indicated that the travel to and from treatment was a burden, WestCare offered Graham the opportunity to reside at their facility.  It should also be noted that the probation office offered Graham placement at the Residential Reentry Center (RRC), prior to his treatment enrollment to lessen the burden of travel.  When Graham indicated that the treatment times were getting in the way of employment opportunities, Graham was afforded the opportunity to transfer groups to accommodate his schedule.  Though offered continued assistance from the probation office and WestCare Graham has continually failed to report for treatment sessions as instructed. As outlined in the petition, Graham has failed to report for treatment on 12 separate occasions.

In addition to failing to report for treatment sessions, Graham has tested positive for controlled substances.  Specifically, he tested positive for marijuana use on June 6, 2023.  On June 7, 2023, Graham tested positive for both marijuana and methamphetamine use. The national laboratory confirmed the positive drug tests. In addition to testing positive for controlled substance use, Graham has failed to report for drug testing as instructed.  On June 17, 2023, Graham cited that he was busy buying a BMW, and therefore, could not report to drug testing as instructed. It

**RE: Jovanni Corte Graham**

Prob12C
D/NV Form
Rev. March 2017

should be noted that Graham had known for approximately nine (9) hours that he was required to report to drug testing.

In addition to failing to report for treatment sessions, failing to report for drug testing and testing positive for controlled substance use, Graham has also failed to submit monthly supervision reports and failed to provide proof of employment as outlined in the petition. At this time, it is unknown if Graham is maintaining any form of employment despite being instructed to provide said documents.

Graham has continued his noncompliant behavior despite Your Honor graciously affording him another opportunity to gain sobriety and remain in the community. Graham has been afforded several accommodations to aid him in achieving this goal as well as outlined above. Graham has rejected every offer made by the Probation Office and by WestCare to assist him with the completion of required treatment. At this time, Graham is either unwilling or unable to comply with the conditions set forth by the Court. It is respectfully requested that a warrant be issued in this case and that he be detained pending revocation proceedings.

Respectfully submitted,

Digitally signed by
Deleyna Joseph
Date: 2023.06.23
10:15:49 -07'00'

Deleyna Joseph
United States Probation Officer

Approved:

Digitally signed by Joy Gabonia
Date: 2023.06.23 09:37:32
-07'00'

Joy Gabonia
Supervisory United States Probation Officer

**United States District Court**
**Central District of California**

UNITED STATES OF AMERICA vs.                    Docket No.        CR 17-00242-RGK

Defendant    JOVANNI GRAHAM                    Social Security No.   5   7   5   1

akas:                                          (Last 4 digits)

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | AUG | 14 | 2017 |

| COUNSEL | RICHARD RAYNOR, CJA PANEL |
|---|---|
| | (Name of Counsel) |

| PLEA | [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea. | [ ] **NOLO CONTENDERE** | [ ] **NOT GUILTY** |
|---|---|---|---|

| FINDING | There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of: |
|---|---|
| **JUDGMENT AND PROB/ COMM ORDER** | Conspiracy to Commit Bank Fraud, in violation of 18 USC 1349, as charged in Count One of the Two Count Information. The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: |

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Defendant shall pay restitution in the total amount of $10,693 to victims set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of the defendant's gross monthly income, but not less than $25.00, whichever is greater, shall be made during the period of supervised release and shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

The defendant shall be held jointly and severally liable with co-participants Kingsley Osemwengie, Nelson Osemwengie, Ariel Miller, and Issah Abubaker, all named in Docket No. CR15-00485-RGK, Sabrina Pittman in Docket No. CR15-00658-RGK, and Latifah Graham in Docket No. CR16-00280-RGK, for the amount of restitution ordered in this judgment. The victims' recovery is limited to the amount of its loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.

USA vs.  JOVANNI GRAHAM                                    Docket No.:    CR 17-00242-RGK

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with General Order No. 01-05.

Pursuant to USSG §5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine in addition to restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Jovanni Corte Graham, is hereby committed on Count One of the Information to the custody of the Bureau of Prisons to be imprisoned for a term of TWENTY-FIVE (25) MONTHS. This sentence shall run consecutively to the undischarged term of imprisonment imposed in United States District Court, District of Nevada, Case No. 2:13CR00299-DHM-PAL.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of THREE (3) YEARS under the following terms and conditions:

1.    The defendant shall comply with the rules and regulations of the United States Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05.

2.    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3.    The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4.    As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

5.    During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

6.    When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, the defendant shall perform 20 hours of community service per week as directed by the Probation Office.

USA vs.  JOVANNI GRAHAM                              Docket No.:  CR 17-00242-RGK

7.      The defendant shall cooperate in the collection of a DNA sample from the defendant.

8.      The defendant shall apply all monies received from income tax refunds to the outstanding Court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

9.      The defendant shall participate in a cognitive-behavior treatment program, which may include a treatment program for gambling addiction.

        The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

        The Court recommends that the defendant be evaluated for the RDAP Program.

        The Court recommends that the defendant be designated to a Bureau of Prisons facility in Southern California.

        Counsel for the government motions the Court to dismiss count two of the information.  Motion granted.

        The defendant is advised of his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| August 16, 2017 | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
| Date | |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                              Clerk, U.S. District Court

| August 16, 2017 | By  /S/ Sharon L. Williams |
| Filed Date | Deputy Clerk |

USA vs.    JOVANNI GRAHAM                                    Docket No.:    CR 17-00242-RGK

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence (pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.  JOVANNI GRAHAM                                    Docket No.:   CR 17-00242-RGK

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

    at _____

    the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____          By   _____
Date                                        Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____          By   _____
Filed Date                                  Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____

      _____          _____
      Defendant                                                 Date

      U. S. Probation Officer/Designated Witness                 Date

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the

_____ District of Nevada _____

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Jovanni Corte Graham | ) Case No.    2:22CR00273 |
| | ) |
| | ) |
| | ) |
| *Defendant* | ) |

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    Jovanni Corte Graham                                                          ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment        ☐ Superseding Indictment        ☐ Information        ☐ Superseding Information        ☐ Complaint

☐ Probation Violation Petition        ☒ Supervised Release Violation Petition        ☐ Violation Notice        ☐ Order of the Court

This offense is briefly described as follows:
Violations of Supervised release

Date:  _____

_____
*Issuing officer's signature*

City and state:  _____

_____
*Printed name and title*

| **Return** |
|---|

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____ .

Date:  _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:    **Jovanni Corte Graham**

Known aliases:    **Jivanni Graham**

Last known residence:    **4025 Bella Palermo Way Las Vegas, NV 89141**

Prior addresses to which defendant/offender may still have ties:    1381 Bourbon St #F Pahrump, NV 89048

Last known employment:    Unknown

Last known telephone numbers:    **775-537-3364**

Place of birth:    **California**

Date of birth:    **June 3, 1984**

Social Security number:

Height:    **70**                                                  Weight:    **Brown**

Sex:    **Male**                                                  Race:    **Black or African American**

Hair:    **Black**                                                Eyes:    **Brown**

Scars, tattoos, other distinguishing marks:    **Multiple on face, neck, sleeves**

History of violence, weapons, drug use:    **History of drugs and guns**

Known family, friends, and other associates *(name, relation, address, phone number)*:    **Latifah Graham**

FBI number:    **271455TB1**

Complete description of auto:    **Unknown**

Investigative agency and address:    **United States Probation Office 300 S. Las Vegas Blvd, Las Vegas, NV 89101**

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:
United States Probation Officer Deleyna Joseph 702-236-2134

Date of last contact with pretrial services or probation officer *(if applicable)*:    **6/20/2023**